

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Emett Wilburn
County Attorney
Shelby County
Center, Texas

o-5020

Dear Sir:

Opinion No. O-5020
Re: County attorney who becomes
commissioned officer in the
U. S. Army Reserve does not
vacate his office of county
attorney.

Your request for opinion has been received and
carefully considered by this Department. We quote from your
request as follows:

"The following situation has arisen in this
county:

"The county attorney who was elected to serve
in that capacity for a two-year period beginning
January 1, 1943 was elected while he was an en-
listed man (a non-commissioned officer) in the
U. S. Army. At present, this man is in an offi-
cer's training school, and it is believed that he
will be a commissioned officer in the army of the
U. S. either immediately before January 1, 1943 or
immediately thereafter. This situation has raised
the following questions, and I am herewith sub-
mitting them to your office for an official opin-
ion on them.

"1. Where one announces for the office of
County attorney and, then, voluntarily enlists in
the U. S. army, and is nominated in the Democratic
primaries and elected in the November elections
while still an enlisted man in the army, and sub-
sequently becomes a commissioned officer in the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

U.S. army either immediately before he qualifies for office, or directly thereafter, does his becoming a commissioned officer in the U.S. army vacate the office of county attorney so as to create a vacancy under Article V, section 21 of the Texas Constitution and article 2355, Vernon's Revised Civil Statutes, and thereby give the Commissioner's Court the power to fill this vacancy?

"2. Could a commissioned officer in the situation above appoint an assistant to assume the duties of the Office of County Attorney in his absence, or would the Commissioner's Court have the sole authority to fill this vacancy?

"3. Suppose the County Attorney-Elect while still a non-commissioned officer, qualifies for the office of County Attorney, appoints an assistant to perform the duties of the Office of County Attorney, and later, the said County Attorney becomes a commissioned officer. In such an event (the County Attorney becoming a commissioned officer) would the assistant County Attorney retain his office, or would a vacancy be created so as to give the Commissioner's Court the power and authority under Article 2355, Vernon's Revised Civil Statutes, to appoint a County Attorney to fill the office until the next general election?

"4. If the status of the law is that a commissioned officer vacates the office of County Attorney, then, would the fact that one of the general provisions of the Constitution provides that 'all officers within the State shall continue to perform the duties of their offices until their successors shall be duly qualified' prevent the occurrence of a vacancy under Article V, Section 21 of the Constitution and article 2355 Vernon's Revised Civil Statutes?

"I submit the following opinion on the points in question for your examination:

"QUESTION ONE: The answer to this question is best answered in Opinion No. O-4696 of the Attorney General's Department. The portions of that

opinion that pertain to this question are as follows:

"'Section 12 of Article XVI of the Constitution is as follows: "No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the legislature, or hold or exercise any office of profit or trust under this State."

"In State v. DeGress, 53 Tex. 387, it was held that an officer of the United States on the retired list constituted a part of the Army of the United States, and that as such officer, he was forbidden to hold at the same time the Office of Mayor of the City of Austin. State v. DeGress, 53 Tex. 387. In Ex parte Dailey, 246 S.W. 91, the Court of Criminal Appeals emphasized this by excepting from the rule the case of a member of the National Guard, who had not been called into actual service of the United States, the office being that of District Judge.

"The rule is further accentuated in the case of Lowe v. State, wherein the Court of Criminal Appeals differentiated the status of a National Guardsman and District Judge. The District Judge being absent, the Bar elected a Special Judge, and the regular judge thereafter went into the active service, and the court held that the Special Judge had power to continue the term already begun. Lowe v. State, 201 S.W. 986.

"It is well settled that where one accepts an incompatible office with the one he holds he thereby automatically as matter of law vacates the first office. State v. DeGress, supra; Lowe v. State, supra; Biencourt v. Parker, 27 Tex. 558; State v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109; State v. Valentine, 198 S.W. 1006; Pruitt v. Glen Rose Independent School Dist. No. 1, 84 S.W. (2) 1004; 100 A.L.R. 1158; Keel v. Railroad Commission of Texas, 107 S.W. (2) 439.'

112

"It is to be noted that even if the office
of County Attorney and that of a commissioned of-
ficer in the U.S. Army were held to be compatible
offices, still the law provides that while a per-
son who already holds one office is not ineligible
to hold a second office, yet such person must
elect which office he will hold. Texas Jurispru-
dence, Vol. 34, PUBLIC OFFICERS, section 19, page
352; State v. Brinkerhoff, supra. And, in the
event a person holds a federal office and attempts
to qualify for a state office, the state office,
under Art. XVI, section 12 of the Constitution,
is the forbidden office. Corpus Juris; OFFICERS;
section 55; pages 947-948; State v. Degress, supra.

"Thus it would seem that the County Attorney-
Elect in Shelby County would vacate the office of
County Attorney in the event that he accepted a
commission in the U.S. Army; provided, he accepted
such commission after he had qualified for the of-
fice of County Attorney; and, further, in the event
the said County Attorney-Elect should qualify for
the office of County Attorney after he had accept-
ed a commission in the U.S. Army, the office of
County Attorney would still be vacated.

"QUESTION TWO: The law is settled that a
County Attorney, WITH THE CONSENT OF THE COMMIS-
SIONER'S COURT, has the power to appoint in writ-
ing, for his respective county, one or more as-
sistants, not to exceed three, who hold their
offices at the will of their principal. Article
331, Vernon's Revised Statutes; Texas Jurispru-
dence, COUNTIES, section 50, pages 579, 580. It
is obvious, therefore, that any assistant appoint-
ed by the County Attorney would hold his office
only so long as the County Attorney held his office.
And if the office of County Attorney were vacated,
the office of assistant county attorney would be
vacated. Furthermore, if the office of County At-
torney were vacated by the action of the County
Attorney-Elect in accepting a commission in the
Army of the U.S. either before or after his quali-
fying for his office, the Commissioner's Court
would have the authority (certainly not the County
Attorney-Elect) to appoint a county attorney to

hold office until the next general election. Article 2355, Vernon's Revised Civil Statutes, page 837.

"QUESTION THREE: The answers to the above-two questions answer this question. The County Attorney may appoint an assistant. Article 331, supra; Texas Jurisprudence, supra. But such an assistant's office would terminate with that of the County Attorney since the assistant exercises his power of office through the power of the County Attorney. Article 331, supra; Texas Jurisprudence, supra.

"QUESTION FOUR: The general provision of the Constitution ('all officers within the State shall continue to perform the duties of their office until their successor shall be duly qualified') does not prevent a vacancy for the purpose of naming the incumbent's successor when his term of office expires. Constitution, Article XVI, section 17; Tom v. Klepper, 172 S.W. 721, Texas Jurisprudence, PUBLIC OFFICERS, section 31, page 372.

"Thus, the answer to question four would be that even though the present County Attorney would hold over to perform the duties of the County Attorney in the instance that the County Attorney-Elect did vacate his office, his 'holding over' would be only to prevent the duties of the Office of County Attorney from being unperformed, and it would not prevent the occurrence of a vacancy under article 2355 Vernon's Revised Civil Statutes, and Article V, section 21 of the Constitution. Thus, the Commissioner's Court under article 2355, supra, would have the power and authority to appoint a county attorney to hold office until the next general election.

"I would appreciate an opinion as early as possible inasmuch as this matter must be settled on January 1, 1943 or as soon thereafter as possible.

"· · · ·"

Under the majority opinion of the Texas Supreme Court in Cause No. 6047, Cramer v. Sheppard, (not yet reported) delivered December 26, 1942, (State's motion for rehearing overruled on January 20, 1943) the County Attorney would not vacate his office under the facts stated. It, therefore, becomes unnecessary to answer your other questions.

The views expressed in your brief as well as the views of this department were expressed in Chief Justice Alexander's dissenting opinion in the Cramer case.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp

APPROVED JAN 27, 1943

ATTORNEY GENERAL OF TEXAS

